UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASON HAENLEIN,

    Plaintiff,

v.

YVONNE BRANTLEY,
in her Individual capacity,

    Defendant.
_____/

Case No. 24-
Hon.

THE MASTROMARCO FIRM
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414
vmastromarco@mastromarcofirm.com
kkelly@mastromarcofirm.com
_____/

**PLAINTIFF'S COMPLAINT & DEMAND FOR TRIAL BY JURY**

    NOW COMES Plaintiff, NASON HAENLEIN, by and through his attorneys, THE MASTROMARCO FIRM, and hereby complains against Defendant, YVONNE BRANTLEY, in her Individual capacity, stating as follows:

**COMMON ALLEGATIONS**

    1.    That Plaintiff is a resident of the County of Oakland, State of Michigan and is otherwise domiciled in the State of Michigan.

2. That upon information and belief, Defendant Yvonne Brantley is a resident of the County of Bay, State of Michigan and is otherwise domiciled in the State of Michigan.

3. That the amount in controversy exceeds the sum of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), excluding costs, interest, and attorney fees.

4. That this Honorable Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331.

5. That on or about October 15, 2019, Plaintiff began his employment with the Michigan State Police and entered trooper training academy.

6. That on or about January 26, 2020, Plaintiff graduated from the 137th Trooper Recruit School.

7. That upon graduation, Plaintiff received the Lt. Thomas E. Baldus Memorial Marksmanship Award, which is awarded to the top recruit with the best marksmanship.

8. That following graduation, Plaintiff received an assignment to the MSP Flint Post.

9. That throughout Plaintiff's career, he has been assigned to work in both Genesee and Shiawassee Counties and has been assigned to the Secure Cities Partnership in the City of Flint.

10. That Plaintiff has received commendation for his work as a trooper.

11. That as example, Plaintiff received the Professional Excellence Award for his service during an officer-involved shooting, where he dealt with a violent fugitive who opened fire at Plaintiff.

12. That Plaintiff has further been selected by command staff to serve as a Firearms Instructor/Armorer and a Field Training Officer.

13. That at all times material hereto, Plaintiff performed his job duties in a satisfactory and/or an above-satisfactory manner.

14. That at all times material hereto, Defendant was employed by the Michigan State Police at the rank of first lieutenant.

15. That at all times material hereto, Defendant served as the Flint Post Commander.

16. That Plaintiff's immediate supervisor was Sergeant Jared Chiros.

17. That on or about March 25, 2023, Plaintiff attended the wedding of another law enforcement officer, which was also attended by numerous law enforcement officers, including Sgt. Chiros, Trooper Evan Neilson, and others.

18. That after the wedding, several employees of the Michigan State Police, including Sgt. Chiros, Trooper Neilson, and Plaintiff, went to a local bar in Corunna, Michigan.

19. That during the evening, Sgt. Chiros had a verbal altercation with Trooper Neilson.

20. That at one point, Sgt. Chiros called Trooper Neilson a "snitch" and then repeated it, "Yup, you snitch ass bitch."

21. That Sgt. Chiros' comment referenced a prior report made by Trooper Neilson that Sgt. Chiros had lied on a police report and inappropriately engaged in a high-speed chase.

22. That Sgt. Chiros had previously harassed Trooper Neilson by calling him a "snitch" and telling other troopers not to trust Trooper Neilson.

23. That on or about March 27, 2023, Trooper Neilson made an administrative complaint with Internal Affairs regarding Sgt. Chiros' unlawful and unethical behavior.

24. That on or about May 8, 2023, Plaintiff was interviewed as part of the internal affairs investigation.

25. That Plaintiff reported the events he witnessed from March 25 and 26, 2023, behavior in which Sgt. Chiros retaliated against a trooper for filing a report about his unlawful behavior.

26. That after Plaintiff's interview, Sgt. Chiros approached Plaintiff in the Flint Post parking lot and questioned Plaintiff regarding how the interview went.

27. That Sgt. Chiros was attempting to intimidate and retaliate against Plaintiff as Sgt. Chiros was a superior officer.

28. That on or about May 30, 2023, Plaintiff was sent and responded to

written investigatory questions as part of the internal affairs investigation.

29. That as part of this interview process, Plaintiff reported that after the conclusion of his first interview, Sgt. Chiros had approached him in the parking lot and questioned him about the interview.

30. That in September 2023, Plaintiff received information from other troopers that he and other troopers were placed on the Genesee County *Brady-Giglio* list.

31. That Plaintiff had not received any informal or formal notification of his involvement with the *Brady-Giglio* issue.

32. That a *Brady-Giglio* list is a list compiled at prosecutor's offices containing the names and details law enforcement officers who have sustained incidents of untruthfulness or lack of candor placing their credibility into question and requiring that said information be disclosed to the criminal defendant.

33. The *Brady-Giglio* list arises out of two U.S. Supreme Court cases: (1) *Brady v. Maryland*, 373 U.S. 83; 83 S. Ct. 1194 (1963), which requires the prosecution to turn over all exculpatory evidence to the accused and includes evidence that may be used to impeach the prosecution's witnesses, such as police officers; and (2) *Giglio v. United States*, 405 U.S. 150; 92 S. Ct. 763 (1972), which determined that the reliability of a witness may be determinative of guilt or innocence and requires disclose of all evidence effecting credibility.

34. That placement on such a list makes it virtually impossible to act as a law enforcement officer within the jurisdiction as prosecutors will frequently decline to pursue criminal charges filed by officers on the list and will avoid calling officers on the list as witnesses.

35. That on or about September 11, 2023, Plaintiff received a text message from Lieutenant Thomas Dhooghe advising that a meeting would take place with all troopers that were being affected by the *Brady-Giglio* issues with the Genesee County Prosecutor's Office.

36. That on or about September 12, 2023, Plaintiff attended said meeting with Lt. Dhoughe and Lieutenant Michael Philipps.

37. That the lieutenants advised those in attendance that they had been placed on the Genesee County *Brady-Giglio* list and, as a result, the attendees would be removed from their assignments in Genesee County and work in Shiawassee County.

38. That other troopers placed on the *Brady-Giglio* list had been informed by the Genesee County Managing Assistant Prosecuting Attorney that troopers were placed on the *Brady-Giglio* list after Defendant informed the Chief Assistant Prosecuting Attorney that Plaintiff and others had lied during the internal affairs interviews regarding Sgt. Chiros and that Defendant refused to provide further details.

39. That as a result of Defendant's defamatory statements, Plaintiff and several other troopers were placed on the *Brady-Giglio* list for Genesee County.

40. That Plaintiff is unaware of the precise time period he was placed on the *Brady-Giglio* list.

41. That Defendant failed to provide Plaintiff with any notice of, evidence of, or an opportunity to respond to any alleged wrongdoing that would justify placement on a *Brady-Giglio* list.

42. That Defendant failed to provide Plaintiff the minimum due process required by the Constitution.

43. That Defendant's actions constitute free speech retaliation in violation of the First Amendment, 42 U.S.C. § 1983.

44. That Defendant's actions constitute a denial of procedural due process in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

45. That Defendant's actions constitute a denial of the equal protections of the law in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

46. That Defendant's actions constitute a denial of substantive due process in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

47. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses,

insurance benefits, disability benefits, pension and/or retirement benefits, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

48. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

49. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT I – FREE SPEECH RETALIATION IN VIOLATION OF THE FIRST AMENDMENT, 42 U.S.C. § 1983

50. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 49 of his Common Allegations, word for word and paragraph for paragraph, as if fully restated herein.

51. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured

by the Constitution shall be liable to the injured party at law or in equity.

52. That the First Amendment to the United States Constitution provides a right to freedom of speech and expression. U.S. CONST. amend. I; *Keyishian v. Board of Regents*, 385 U.S. 589, 605-606; 87 S. Ct. 675 (1967).

53. That at all times material hereto, Defendant acted under the color of State law.

54. That Plaintiff engaged in constitutionally protected speech or conduct.

55. That Plaintiff engaged in constitutionally protected speech or conduct when Plaintiff reported to an internal affairs investigator his observations of Sgt. Chiros unlawfully retaliating against Trooper Neilson.

56. That said speech addresses a matter of public concern as it is a matter of public concern whether law enforcement officers are conducting themselves lawfully in the performance of their duties. *Huber v. Leis*, 704 F. Supp. 131, 134 (S.D. Ohio 1989); *Marohnick v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986).

57. That Plaintiff's interest in said speech outweighs any interest the Michigan State Police may have in regulating said speech, if any.

58. That Defendants had knowledge of Plaintiff's protected activity.

59. That Defendant took adverse action against Plaintiff, including, but not limited to, securing Plaintiff's placement on the Genesee County *Brady-Giglio* list.

60. That Defendant's actions against Plaintiff would deter a person of

ordinary firmness from engaging in such conduct.

61. That a causal connection exists between Plaintiff's protected speech and the adverse action.

62. That Defendant would not have taken the same adverse actions against Plaintiff in the absence of Plaintiff's protected speech.

63. That Defendant is not entitled to qualified immunity.

64. That Plaintiff's right to freedom of speech is clearly established.

65. That Defendant's actions constitute free speech retaliation in violation of the First Amendment, 42 U.S.C. § 1983.

66. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

67. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

68. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

### COUNT II – DENIAL OF PROCEDURAL DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983

69. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 49 of his Common Allegations and paragraphs 50 through 68 of Count I, word for word and paragraph for paragraph, as if fully restated herein.

70. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

71. That the Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005).

72. That "[a] public employee is entitled to procedural due process— including the opportunity for a hearing—and substantive protections if he stands to

lose a constitutionally protected property interest or liberty interest." *Houchens v. Beshear*, 441 F. Supp. 3d 508, 517 (E.D. Ky. 2020).

73. That at all times material hereto, Defendant acted under the color of State law.

74. That at all times material hereto, Plaintiff had a property interest in his continued employment.

75. That Defendant interfered with Plaintiff's property interest in his continued employment by securing Plaintiff's placement on the Genesee County *Brady-Giglio* list by falsely accusing Plaintiff and others of lying during investigations into Sgt. Chiros' improper and unlawful behavior.

76. That Defendant interfered with Plaintiff's property interests without providing any due process.

77. That when a protected property interest is implicated, "the right to some kind of prior hearing is paramount." *Bd. of Regents of State Colleges v.Roth*, 408 U.S. 564, 570; 92 S. Ct. 2701 (1972).

78. That Defendant is not entitled to qualified immunity.

79. That Plaintiff's property interests and Plaintiff's right to some kind of hearing prior to the infringement upon Plaintiff's property interest were clearly established.

80. That Defendant's actions constitute a denial of procedural due process

in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

81.  That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

82.  That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

83.  That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

**COUNT III – DENIAL OF EQUAL PROTECITON OF THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983**

84. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 49 of his Common Allegations and paragraphs 50 through 68 of Count I, and paragraphs 69 through 83 of Count II, word for word and paragraph for paragraph, as if fully restated herein.

85. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

86. That the Fourteenth Amendment to the United States Constitution provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1.

87. That at all times material hereto, Defendant acted under the color of State law.

88. That at all times material hereto and by virtue of his reports of Sgt. Chiros' unlawful behavior and his participation in the related internal affairs investigation, Plaintiff belonged to an identifiable group of troopers.

89. That Defendant systematically retaliated against members of that identifiable group, subjecting them to disparate treatment.

90. That Defendant treated the identifiable group differently than similarly situated troopers outside the identifiable group.

91. That Defendant lacked a rational basis for the different treatment.

92. That Defendant pursued the disparate treatment for unlawful and unethical purposes in violation of the Michigan State Police rules and regulations and with the intent to retaliate and harm Plaintiff and other members of said identifiable group.

93. That as part of that disparate treatment, Defendant took adverse action against Plaintiff, including, but not limited to, securing Plaintiff's placement on the Genesee County *Brady-Giglio* list.

94. That Defendant is not entitled to qualified immunity.

95. That Plaintiff's equal protection right to be treated similar to those in similar positions and without irrational adverse action is clearly established.

96. That Defendant's actions constitute a denial of equal protection of the law in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

97. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

98. That as a direct and proximate result of Defendant's unlawful actions,

Plaintiff has suffered and will continue to suffer non-economic damages, including, but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

99. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

## COUNT IV – DENIAL OF SUBSTANTIVE DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT, 42 U.S.C. § 1983

100. That Plaintiff hereby incorporates by reference the allegations contained in paragraphs 1 through 49 of his Common Allegations and paragraphs 50 through 68 of Count I, paragraphs 69 through 83 of Count II and paragraphs 84 through 99 of Count III, word for word and paragraph for paragraph, as if fully restated herein.

101. That 42 U.S.C. § 1983 provides that every person who, under the color of State law, deprives a citizen of the United States any rights or privileges secured by the Constitution shall be liable to the injured party at law or in equity.

102. That the Fourteenth Amendment to the United States Constitution

provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1; *see also Bazzetta*, 430 F.3d at 801.

103. That the Due Process Clause of the Fourteenth Amendment protects a citizen's right to be free from government actions that shock the conscience and from arbitrary and capricious government actions. *Range v. Douglas*, 763 F.3d 573, 588 (6th Cir. 2014).

104. That Defendant engaged in a scheme to retaliate against individuals who reported Sgt. Chiros' unlawful and unethical conduct and participated in the internal affairs investigation into Sgt. Chiros' behavior.

105. That Defendant was motivated by her personal relationship with Sgt. Chiros and sought to intentionally harm those that crossed either of them or their compatriots.

106. That Defendant further made false accusations that Plaintiff and other individuals who reported Sgt. Chiros' unlawful and unethical behavior and participated in the internal affairs investigation had lied during said investigation and/or fabricated their statements to the Michigan State Police.

107. That by doing so, Defendant caused Plaintiff and several individuals to be inappropriately placed on the Genesee County *Brady-Giglio* list and Plaintiff to be subjected to criminal investigation.

108. That Defendant's actions shock the conscience and violate the decencies of civilized conduct.

109. That Defendant's actions are so offensive that they do not comport with the traditional ideas of fair play and decency.

110. That Defendant intended to injure Plaintiff and others.

111. That Defendant's actions were premeditated and intentional.

112. That Defendant is not entitled to qualified immunity.

113. That Plaintiff's right to be free from conscience-shocking governmental action and/or arbitrary and capricious governmental action is clearly established.

114. That Defendant's actions constitute a denial of substantive due process in violation of the Fourteenth Amendment, 42 U.S.C. § 1983.

115. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer economic damages, including, but not limited to, lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, employer contributions, and any other compensation and/or fringe benefits lost to Plaintiff along with an additional amount to offset any negative tax consequences incurred as a result of recovery.

116. That as a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered and will continue to suffer non-economic damages, including,

but not limited to, emotional distress, mental anguish, shock, fright, mortification, embarrassment, humiliation, nervousness, anxiety, depression, denial of social pleasures, and disruption of lifestyle.

117. That Plaintiff hereby claims the costs of this action and reasonable attorney fees pursuant to 42 U.S.C. § 1988(b).

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in his favor in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) in addition to costs, interest, and attorney fees along with any and all legal and/or equitable relief this Court deems just.

Respectfully submitted,
THE MASTROMARCO FIRM

Dated: August 20, 2024      By:   */s/ Victor J. Mastromarco, Jr.*
VICTOR J. MASTROMARCO, JR. (P34564)
KEVIN J. KELLY (P74546)
Attorneys for Plaintiff
1024 N. Michigan Avenue
Saginaw, Michigan 48602
(989) 752-1414

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, NASON HAENLEIN, by and through his attorneys, THE MASTROMARCO FIRM, and hereby demands a trial by jury on all the above issues, unless otherwise expressly waived.

                                                Respectfully submitted,
                                                THE MASTROMARCO FIRM

Dated: <u>August 20, 2024</u>        By:    <u>/s Victor J. Mastromarco, Jr.</u>
                                                    VICTOR J. MASTROMARCO, JR. (P34564)
                                                    KEVIN J. KELLY (P74546)
                                                    Attorneys for Plaintiff
                                                    1024 N. Michigan Avenue
                                                    Saginaw, Michigan 48602
                                                    (989) 752-1414