UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NASON HAENLEIN,

    Plaintiff,

v.

YVONNE BRANTLEY,

    Defendant.
_____/

Case No. 24-12187
Hon. Denise Page Hood

## ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [ECF NO. 12]

### I. INTRODUCTION

Before the Court is Plaintiff's Motion for Default Judgment as to Defendant Yvonne Brantley. [ECF No. 12]. The Court held a hearing on this matter as to damages on May 8, 2025.

### II. BACKGROUND

Plaintiff brought this matter on August 20, 2024, alleging four counts of harm: (1) Free Speech Retaliation in Violation of the First Amendment, 42 U.S.C. § 1983; (2) Denial of Procedural Due Process in Violation of the Fourteenth Amendment, 42 U.S.C. § 1983; (3) Denial of Equal Protection of the Law in Violation of the Fourteenth Amendment, 42 U.S.C. § 1983; and (4) Denial of Substantive Due Process in Violation of the Fourteenth Amendment, 42 U.S.C. § 1983. [ECF No. 1]. Plaintiff alleges that he entered trooper training camp with the Michigan State Police

on or about October 15, 2019, and graduated from the academy January 26, 2020. *Id*. at PgeID.2. Upon graduation, Plaintiff was assigned to the MSP Flint Post. *Id*. Plaintiff's immediate supervisor was Sergeant Jared Chiros. *Id*. at PageID.3. In March of 2023, Plaintiff witnessed Chiros engage in a verbal altercation with another trooper, Evan Neilson. *Id*. Plaintiff testified that Chiros verbally assaulted Neilson and walked towards Neilson with a balled fist.

On May 8, 2023, Plaintiff was interviewed as part of an Internal Affairs investigation into Chiros and the March 2023 incident. *Id*. at PageID.4. On May 30, 2023, Plaintiff was sent and responded to written interrogatories in furtherance of the Internal Affairs investigation. *Id*. at PageID.4-5. In September of 2023, Plaintiff received information from other troopers that he had been placed on the *Brady-Giglio* list in Genesee County. *Id*. at PageID.5. The *Brady-Giglio* list is a list compiled at prosecutors' offices containing the names and details of law enforcement officers who have sustained instances of untruthfulness or lack of candor. *Id*. Plaintiff alleges that inclusion on the list makes it extremely difficult to act as a law enforcement officer within the jurisdiction because prosecutors will frequently decline to pursue criminal charges filed by officers on the list and will avoid calling officers on the list as witnesses. *Id*. at PageID.6. As a result of Plaintiff's inclusion on the *Brady-Giglio* list in Genesee County, Plaintiff was reassigned to Shiawassee County. *Id*.

Plaintiff later learned that Defendant Brantley caused him and others to be included on the *Brady-Giglio* list by informing the Chief Assistant Prosecuting Attorney that Plaintiff and others lied during the internal affairs interviews regarding Chiros. *Id*. Plaintiff alleges that Defendant failed to provide Plaintiff with notice of, evidence of, or an opportunity to respond to any alleged wrongdoing that would justify placement on the Brady-Giglio list. *Id*. at PageID.7. Plaintiff further alleges that he was not afforded the minimum due process required by the Constitution and that Defendant's actions constitute free speech retaliation. *Id*. Plaintiff further alleges that as a direct and proximate result of Defendant's actions, Plaintiff has suffered and will continue to suffer economic damages, including lost wages, back pay, front pay, raises, promotions, bonuses, insurance benefits, disability benefits, pension and/or retirement benefits, and any other compensation or fringe benefits. *Id*. at PageID.7-8.

Defendant Brantley failed to respond or otherwise defend against Plaintiff's allegations. Plaintiff now moves for default judgment. Plaintiff's damages are not for a sum certain.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 55(a) states "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's

3

default." Where the moving party is not seeking a sum certain, it must "apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Court may conduct hearings or make referrals when it needs to determine the amount of damages. Fed. R. Civ. P. 55(b)(2)(B). "Entry of a default does not itself establish damages." *GS Holistic LLC v. Mellow Tobacco & Vape, LLC*, No. 24-12074, 2025 WL 2085913, at *2 (E.D. Mich. July 24, 2025).

The Court finds that Defendant has failed to plead or otherwise defend against Plaintiff's allegations in this matter. Therefore, Plaintiff's motion for default judgment is GRANTED.

### A. Damages

As to damages, Plaintiff testified that he did not have direct knowledge that Brantley caused his name to be placed on the Brady-Giglio list; rather, Plaintiff heard from other troopers and staff members that Brantley reported Plaintiff to the prosecutors' office. Plaintiff also testified that he remains employed by the MSP and is not aware of how long his name remained on the *Brady-Giglio* list. Plaintiff further testified that he may have been on the *Brady-Giglio* list for two weeks. Plaintiff stated that during that time, he would have lost the opportunity to make overtime by working with the Secure Cities Partnership in the City of Flint. That if he was not on the Brady-Giglio list, Plaintiff likely would have worked five overtime shifts, each shift lasting ten hours, and compensation totaling one and a half times his usual pay

4

of $38/hour. Plaintiff's counsel requested $150,000 in damages as a result of the harm alleged by Plaintiff.

Plaintiff's damages request is not supported by the record. If the Court accepts the factual allegations in Plaintiff's Complaint and testimony as true, Plaintiff's damages likely total:

**$38/hour x 1.5 (overtime rate) = $57 x 10 hours = $570 x 5 shifts = $2,850**

This amount represents Plaintiff's loss wages caused by Plaintiff's name being placed on the *Brady-Giglio* list for about two weeks. Therefore, the Court finds that Plaintiff's damages are $2,850.00.

## IV. CONCLUSION/ORDER

In light of the foregoing,

IT IS ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 12] is GRANTED;

IT IS FURTHER ORDERED that this Order closes the case.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: August 7, 2025

5